**In re Robert William BERRY, Debtor.**

**Bankruptcy No. 582-1077.**

United States Bankruptcy Court, N. D. Ohio.

Sept. 10, 1982.

Morris Laatsch, Akron, Ohio, for debtor.

Jerome Holub, Akron, Ohio, Chapter 13 Trustee.

James R. Hodge, Akron, Ohio, David R. Knarr, Lodge Grass, Mont., for creditors Dean Izatt and Patricia Ann Berry.

### FINDING AS TO OBJECTION TO CONFIRMATION

H. F. WHITE, Bankruptcy Judge.

This cause came on upon the filing of objections to Confirmation of the Plan, filed by the Chapter 13 Trustee, Jerome Holub, as well as creditors, Dean Izatt, Patricia Ann Berry, and David R. Knarr. A hearing was had on said objections on August 26, 1982.

The objectors raised several issues as to the Debtor's Chapter 13 Plan as proposed. Several of the objectors requested this Court for a determination as to whether the debtor is a stockbroker such that he would be excluded from filing under Chapter 13 of the Bankruptcy Code. All parties agreed that this issue should be determined and the other issues raised by the objectors should be reserved for later trial.

### FACTS

1. On June 15, 1982, debtor, Robert William Berry (hereinafter referred to as "debtor"), filed his Petition in Bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. A Plan was filed therewith in which debtor proposed to pay his unsecured creditors the sum of 10 cents on the dollar for any allowed unsecured claim.

2. Patricia Ann Berry is scheduled as an unsecured creditor holding a claim in the amount of $5,250. Consideration for the debt is listed in the schedules as being "property settlement; divorce decree." Patricia Ann Berry is debtor's former spouse.

3. Dean Izatt is scheduled as holding a disputed, unsecured claim in the amount of $5,700. Consideration for the debt is said to be a promissory note on which debtor has stated he is jointly liable with Patricia Ann Berry.

4. David R. Knarr is scheduled as the holder of an unsecured, disputed claim in the amount of $1,565.00. Home repair is the stated consideration for the debt.

5. Debtor is employed as an account executive with Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cleveland, Ohio (Plaintiff's Exhibit 3). The debtor is paid a fixed salary on a monthly basis. His gross income is approximately $4,000 a month. (Plaintiff's Exhibit 3).

6. None of the scheduled debts are business debts and none relate to his employment with Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cleveland, Ohio.

## ISSUE

The issue to be decided is whether Robert William Berry is a stockbroker as that term is defined in the bankruptcy laws.

## DISCUSSION OF LAW

The Chapter 13 Trustee, Jerome Holub, as well as creditors, Dean Izatt, and Patricia Ann Berry, have objected to the confirmation of debtor's Chapter 13 Plan on the grounds that debtor is not eligible for relief under Chapter 13. Grounds for this objection is 11 U.S.C. Section 109(e) in light of debtor's status as an account executive with Merrill Lynch, Pierce, Fenner & Smith, Incorporated.

11 U.S.C. Section 109(e)[1] sets forth the limitations on the class of persons who are eligible for relief under Chapter 13—the wage earner provisions—of the Bankruptcy Code. Expressly excluded from relief under Chapter 13 are the stockbroker and commodity broker. Pursuant to this section, it is argued that debtor is a stockbroker, ineligible for Chapter 13 relief. Determination of this issue requires the Court to examine various definitional sections of the Bankruptcy Code.

The term "stockbroker" is defined in 11 U.S.C. Section 101 (39) as follows:

(39) "Stockbroker" means person with respect to which there is a customer, as defined in section 741(2) of this title, engaged in the business of effecting transactions in securities—

(A) for the accounts of others; or

(B) with members of the general public, from or for such person's own account...

Under this definition, a person must have a "customer" in order to be a stockbroker. The term "customer" is defined in 11 U.S.C. Section 741(2)[2], in part, as:

"customer" includes—

1. 11 U.S.C. Section 109(e) provides that:
   (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less that $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

2. 11 U.S.C. Section 741(2) in its entirety reads as follows:
   (2) "customer" includes—
   (A) entity with whom the debtor deals as principal or agent and that holds a claim against the debtor on account of a security received, acquired, or held by the debtor in the ordinary course of business as a stockbroker from or for the securities account or accounts of such entity—
   (i) for safekeeping;
   (ii) with a view to sale;
   (iii) to cover a consummated sale;
   (iv) pursuant to a purchase;
   (v) as collateral under a security agreement; or
   (vi) for the purpose of effecting registration of transfer; and
   (B) entity that holds a claim against the debtor arising out of—
   (i) a sale or conversion of a security received, acquired, or held as specified in subparagraph (A) of this paragraph; or
   (ii) a deposit of cash, a security, or other property with the debtor for the purpose of purchasing or selling a security;

(A) entity with whom the debtor deals as principal or agent and that holds a claim against the debtor on account of a security..."

Both the House Report and the Senate Report for the Bankruptcy Reform Act discuss what is meant by the term "stockbroker". In particular, the Legislative History states that "The term does not encompass an employee who acts for a principal that 'effects' transactions or deals with the public, because such an employee will not have a 'customer'". H.R. No. 95–595, 95th Cong., 1st Sess. 314 (1977); S.R. No. 95–989, 95th Cong. 2nd Sess. 27 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787.

From these definitions, it can be seen that in order to be a stockbroker under the bankruptcy laws the person must have a customer and must also be engaged in the business of effecting transactions in securities. Although a person may effect transactions in securities, if that person is an employee, he cannot be a stockbroker as he can have no customers. 2 Collier on Bankruptcy, ¶ 101.39 (15th Ed. 1982).

■ After reading the relevant sections, it is clear to this Court that debtor is not a stockbroker within the definition set forth in 11 U.S.C. Section 109(e). The reason for this is that under these definitions, debtor is no more than an employee of Merrill Lynch, Pierce, Fenner & Smith Incorporated and, as such, does not have the statutorily required and defined "customer".

In order to have a customer under 11 U.S.C. Section 741(2), a person must act as a principal or agent for another and that other must hold a claim against his principal/agent on account of a security. The facts shown at the hearing on this case evidenced the fact that debtor does not act as the principal or agent of those entities he assists in trading on the stock market.

In support of his argument that he is not a stockbroker, debtor submitted two documents which he had signed. The first is an agreement required to be signed by those individuals filing an application with the New York Stock Exchange, Inc. The second is an Account Executive Trainee Agreement entered into on October 22, 1977 by and between debtor and Merrill Lynch, Pierce, Fenner & Smith Incorporated.

The latter is a seven-paragraph agreement. Throughout this document debtor is referred to as the "employee" of Merrill Lynch, Pierce, Fenner & Smith Incorporated. The agreement provides that debtor, for a fixed salary, is employed "in a sales capacity or as a trainee for a sales position" with Merrill Lynch, Pierce, Fenner & Smith Incorporated. (Plaintiff's Exhibit 3). Debtor agrees in Paragraph 3 of this Agreement that he "will not have a vested interest in any percentage of [his] daily transactions". The Agreement refers to the fact that clients are the clients of Merrill Lynch, Pierce, Fenner & Smith Incorporated and not of debtor.

As an Account Executive for Merrill Lynch, Pierce, Fenner & Smith Incorporated, debtor does not act as the principal or agent of the customer. Instead, he acts as the employee of Merrill Lynch, Pierce, Fenner & Smith Incorporated—advising Merrill Lynch, Pierce, Fenner & Smith Incorporated's customers as to the status of the stock market in general as well as the stocks of individual companies and effectuating the sale and purchase of customer's stocks. Although in the course of his duties at Merrill, Lynch, Pierce, Fenner & Smith Incorporated he wishes to satisfy the company's customers with his skills and knowledge of transactions on the stock market, his ultimate responsibility for job performance and job satisfaction is with Merrill Lynch, Pierce, Fenner & Smith Incorporated and not the customer.

It is Merrill Lynch, Pierce, Fenner & Smith Incorporated who is the principal or agent of the trading entity. It is likewise Merrill Lynch, Pierce, Fenner & Smith Incorporated against whom customer would have a claim by virtue of any security held by Merrill Lynch, Pierce, Fenner & Smith Incorporated on behalf of the customer. The entity on whose behalf security transactions are effected is a customer as to Merrill Lynch, Pierce, Fenner & Smith Incorporated and not as to the debtor.

It may well be that debtor performs the necessary actions to effect security transactions. However, this does not make the person for whom debtor performed these actions a customer as to debtor. A corporation must rely on its employees to perform the tasks for which it was created—in the case of a stock brokerage firm, that means that Merrill Lynch, Pierce, Fenner & Smith Incorporated must rely on its employees to effect a securities transaction. To hold that by virtue of debtor's status as an employee and Account Executive of Merrill Lynch, Pierce, Fenner & Smith Incorporated debtor is rendered ineligible for Chapter 13 relief would result in the vast majority of the employees of a stock brokerage firm, other than perhaps clerical staff, being ineligible for Chapter 13 relief. Such a result was not intended by Congress. The debts which gave rise to debtor filing a petition in bankruptcy are not business debts but are the usual debts incurred by an individual consumer—such as, a mortgage and charge card accounts. The mere fact that debtor is employed as an Account Executive with Merrill Lynch, Pierce, Fenner & Smith Incorporated should not alter his eligibility for Chapter 13 relief.

Debtor, Robert William Berry, is no more than the employee of Merrill Lynch, Pierce, Fenner & Smith Incorporated. As such, he is not a "stockbroker" within the definition of that term as set forth in 11 U.S.C. Section 101(39).

As no other grounds have been raised as to debtor's eligibility for relief under Chapter 13, the objections to confirmation of debtor's Chapter 13 Plan on the basis that debtor is not eligible for Chapter 13 should be denied. All other issues raised in objection to the confirmation of debtor's Chapter 13 Plan shall remain for decision pending a further hearing on the issues.